The State v. Norman.

----

THE STATE OF MISSOURI, Respondent, v. EDWARD NORMAN, Appellant.

St. Louis Court of Appeals, March 24, 1891.

Criminal Law : SELLING LOTTERY TICKETS : SUFFICIENCY OF THE EVIDENCE. In order to warrant a conviction for the selling of tickets in a lottery, or device of the nature of a lottery, known as " policy," there must be some evidence that " policy " is a lottery or such a device.

*Appeal from St. Louis Court of Criminal Correction.*
HON. R. A. CAMPBELL, Judge

REVERSED ( *and defendant discharged* ).

*Robert W. Goode,* for appellant.

*Bernard Dierkes,* Prosecuting Attorney, for respondent.

BIGGS, J.—The assistant prosecuting attorney filed an information against the defendant, charging him with the violation of section 3833, of the Revised Statutes, 1889. The charge made in the information was that the defendant sold tickets in a certain lottery or device in the nature of a lottery known as "policy." The defendant was tried and convicted by a jury, and a judgment entered against him for a fine of $25. He has appealed from the judgment, and his only complaint is that the evidence was insufficient to warrant his conviction.

We are of the opinion that the defendant's complaint is well founded. Under the state's evidence he ought to have been discharged.

We recognize the fact that it is a matter of some difficulty for the state to secure evidence sufficient to secure the conviction of the ordinary vendor of lottery tickets. But it is not the province of the courts to lend their aid in helping out such prosecutions by relaxing the well-established rules of criminal procedure.

The evidence introduced by the state in support of this prosecution tended to prove that the defendant sold to the prosecuting witness a "policy ticket," and that the defendant told her that she would win forty cents, if she won anything. But there was not a particle of evidence explanatory of the meaning of the word "policy" or "policy tickets." Whether the word "policy" implied a lottery, or a scheme in the nature of a lottery, was left entirely to conjecture. Some evidence tending to prove this fact was absolutely necessary. In this particular the present case differs from that of *State v. Williams, ante,* p. 302.

The reasoning adopted by this court in the case of *State v. Bruner*, 17 Mo. App. 274, is quite applicable to the present case. There the court held the evidence insufficient for reasons almost identical with those suggested here. Judge LEWIS, in the course of his opinion, said: "If the words, 'play,' 'policy,' 'making a play,' etc., convey a distinctive meaning, when used among persons who deal in ventures which are really lotteries, whether so called or not, surely there are living persons who could testify to the existence and recognition of this technical import, and to the common understanding among those who thus employ the words."

The case of *State v. Russell*, 17 Mo. App. 16, presented somewhat similar facts. In discussing the sufficiency of the state's evidence in that case, Judge THOMPSON said: "It does not tend to show that the defendant wrongfully and unlawfully caused to be sold * * * any lottery ticket or tickets, or any share in any lottery ticket or tickets, or in any device in the nature of a lottery known as the Horse-Race Lottery, or by any other name. It does not show that the piece of paper which the witness Dent bought of the defendant was a lottery ticket."

The judgment of conviction in this case must be set aside and the defendant discharged. It is so ordered. All the judges concur.